UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VINCENTE RAMIREZ, JR., ) | Civil Action No.: 4:10-cv-2802-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings the present action for return of property pursuant to Rule 41(g), Fed.R.Crim.P. In his Complaint, Plaintiff alleges that he was arrested on September 13, 2006, and, as a result, he surrendered certain property to Defendant's agents, including his wallet, passport, driver's license and social security card. The criminal matter is now closed and Plaintiff brings the present action for the return of this property.[1]

Defendant filed a Motion for Summary Judgment, along with an Affidavit, indicating that it was not in possession of the property requested by Plaintiff. However, Defendant did forward copies of certain documents to Plaintiff. Presently before the Court is Plaintiff's Motion to Dismiss (Document # 26). Plaintiff seeks to dismiss this action without prejudice. Defendant has not responded to the Motion. Therefore, it is recommended that Plaintiff's Motion to Dismiss (Document # 26) be granted and this case be dismissed without prejudice.

                                                                  s/Thomas E. Rogers, III
                                                                   Thomas E. Rogers, III
                                                                   United States Magistrate Judge

October 13, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1] "A motion to return seized property under Fed.R.Crim.P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision. When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." U.S. v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) (citing United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir.2001); United States v. Martinez, 241 F.3d 1329, 1330-31 (11th Cir.2001)).